<div style="border: 1px solid black; padding: 10px;">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0345-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICARDO M. SUDLOW, a/k/a
RICCARDO SUDLOW,

    Defendant-Appellant.

_____

Submitted January 23, 2020 – Decided November 25, 2020

Before Judges Fuentes and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 09-11-1045.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

On March 11, 2011, defendant Ricardo M. Sudlow was tried before a jury and convicted of second-degree eluding, N.J.S.A. 2C:29-2b, third-degree aggravated assault of a police officer, N.J.S.A. 2C:12-1b(5), third-degree receiving stolen property, N.J.S.A. 2C:20-7, and fourth-degree resisting arrest, N.J.S.A. 29-2a. The jury also acquitted defendant of other related charges. On April 26, 2011, the court sentenced defendant to an aggregate term of twelve years with four years of parole ineligibility. We affirmed the conviction and sentence on direct appeal, State v. Ricardo M. Sudlow, No. A-1082-11 (App. Div. June 18, 2013), and the Supreme Court denied his petition for certification. State v. Sudlow, 220 N.J. 39 (2014). In lieu of restating the evidence presented by the State at trial, we incorporate by reference the facts described in our unpublished opinion in which we affirmed defendant's conviction and sentence. Slip op. at 3-4.

On April 15, 2016, defendant filed a pro se post-conviction relief (PCR) petition alleging ineffective assistance of counsel. He claimed his trial attorney failed to make appropriate objections and failed to investigate and locate the alleged driver of the stolen car. The PCR judge assigned counsel to represent

defendant to prosecute the petition. The judge heard oral argument on February 16, 2018 and denied the PCR petition on May 23, 2018.

The judge explained the basis for his ruling in a memorandum of opinion. The judge applied the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), and found defendant was not entitled to an evidentiary hearing because he did not establish a prima facie case of ineffective assistance of counsel.

Defendant raises the following argument in this appeal.

> POINT I
>
> THE PCR COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON MR. SUDLOW'S CLAIM THAT TRIAL COUNSEL PROVIDED HIM WITH INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INVESTIGATE DENNIS WEBSTER, THE PERSON MR. SUDLOW CLAIMED WAS THE DRIVER OF THE CAR.

We review a claim of ineffective assistance of counsel under the same two-prong test employed by the PCR judge. Defendant must first demonstrate that defense counsel's performance was deficient. Strickland, 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Id. at 694. Here, the PCR judge found defendant did not present any competent evidence to establish a prima facie case of ineffective assistance of trial counsel. We thus reject this argument and affirm substantially for the reasons expressed by the PCR judge in his May 23, 2018 memorandum of opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0345-18T1